Filed 10/26/22  In re Ramona J. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re RAMONA J., a Person Coming Under the Juvenile Court Law. | B315815 (Los Angeles County Super. Ct. No. 17CCJP01422) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.J., Defendant and Appellant. | |

APPEAL from the jurisdictional and dispositional orders of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Dismissed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

_____

Father J.J. challenges the juvenile court's order requiring him to submit to weekly random drug testing as part of a case plan imposed after the juvenile court assumed dependency jurisdiction over his daughter Ramona. Father argues that because he did not abuse any controlled substance, the trial court abused its discretion when it ordered him to test for controlled substances. While this appeal was pending, the juvenile court terminated its jurisdiction and rendered the appeal moot. We dismiss the appeal.

## BACKGROUND

Dependency proceedings commenced in July 2021 when Ramona was one month old. Mother, who is not a party to the current appeal, was born in 1994 and has three children. Mother's children X.G. and M.G. were dependents of the juvenile court at the time the proceedings involving Ramona commenced.[1]

_____

[1] With respect to Ramona's half siblings, the juvenile court sustained a petition that their father (father G.) had an unresolved substance abuse history and that mother and father G. have a history of domestic violence. In connection with the prior case, mother completed a 52-week domestic violence program and participated in six months of individual therapy. The Los Angeles County Department of Children and Family

2

Father, also born in 1994, has a criminal history including an arrest for possession of controlled substances while incarcerated.[2] Father reported that he was incarcerated from 2014 through 2018, but did not identify the reason for his incarceration. Although the record is not a model of clarity, it appears the criminal court sentenced father to three years in prison for second degree robbery and one year for assault.

When social workers interviewed father during the dependency proceedings, father acknowledged smoking marijuana "wax . . . from a pen." A social worker described marijuana wax as "concentrated THC." Father reported that the marijuana helped him sleep and that he used it on a daily basis. Father denied using marijuana in Ramona's presence.

In July 2021, DCFS filed a petition pursuant to Welfare and Institutions Code[3] section 300 identifying then two-month-old Ramona as a dependent child. DCFS alleged mother and father engaged in a violent altercation when mother was pregnant. Father threw mother to the ground, and police arrested him for domestic violence. DCFS also alleged father has a history of substance abuse and currently abused marijuana rendering him incapable of caring for Ramona.

---

Services (DCFS) reported that Ramona's half siblings had not reunified with mother during the reunification period.

[2] Although the record is not clear, it appears that in the interests of justice, father was not charged with that crime.

[3] All statutory citations are to the Welfare and Institutions Code.

On September 27, 2021, the juvenile court sustained the allegations and assumed dependency jurisdiction. On appeal, father challenges only the allegation that he abused marijuana.

For disposition, the juvenile court ordered Ramona remain in mother's and father's custody. The court ordered father to participate in weekly drug testing for a minimum of six months. The court also ordered father to attend a 52-week program for perpetrators of domestic violence. The court also ordered father to participate in parenting and family preservation classes and to participate in individual counseling. Father timely appealed from the jurisdictional and dispositional orders.

On July 15, 2022, while the appeal was pending, the juvenile court terminated jurisdiction and awarded mother sole legal and physical custody over Ramona. In its final judgment, the juvenile court ordered father's visitation to be supervised because father did not make substantial progress in his court-ordered programs including a domestic violence treatment program for offenders, parenting classes, individual counseling, and weekly drug testing. Father's appeal from the final judgment is pending.

## DISCUSSION

Father challenges the juvenile court's jurisdictional order insofar as it is based on his substance abuse and the dispositional order insofar as it requires him to test for controlled substances. Father requests the following relief: (1) modifying the jurisdictional order to delete the finding that father abused marijuana; (2) modifying the dispositional order to delete the requirement that he test for controlled substances; and (3) modifying the final judgment to "uncheck" the box indicating that father failed to comply with court-ordered drug tests.

4

The appeal is moot. "Mootness in the dependency context—as in any context—depends on 'whether the appellate court can provide any effective relief if it finds reversible error.' [Citations.]" (*In re S.G.* (2021) 71 Cal.App.5th 654, 663; see *In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."].)

Dismissing the substance abuse count would not affect jurisdiction because it is undisputed that the juvenile court properly assumed jurisdiction over Ramona based on domestic violence. A " 'reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence' "; it " 'need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.]" (*In re I.J.* (2013) 56 Cal.4th 766, 773.) Given that it is undisputed the juvenile court properly assumed jurisdiction over Ramona, father's requested modification of the jurisdictional order to delete the substance abuse component would have no effect.

Similarly, assuming father could show that the juvenile court abused its discretion in ordering father to test for controlled substances, this court could offer father no effective relief. The order requiring father submit to weekly drug tests has been superseded by the juvenile court order terminating jurisdiction. (*Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1165 [juvenile court "exit order 'shall be a final judgment and shall remain in effect after [the juvenile court's] jurisdiction is terminated' "].) The final judgment did not require father to continue to

5

participate in drug testing. Father identifies no practical effect from the reversal of the dispositional order insofar as it required him for a minimum of six months to participate in weekly testing for controlled substances.

Assuming arguendo father did not abuse marijuana, he fails to show that the juvenile court's dispositional order was an abuse of discretion. "At disposition, the juvenile court is not limited to the content of the sustained petition when it considers what dispositional orders would be in the best interests of the children." (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311; see *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1008 [juvenile court did not abuse its discretion in ordering random drug or alcohol testing even though court found allegation that alcohol problems negatively affected father's ability to care for child not proven].) Here, requiring father to test for controlled substances was in Ramona's best interest as she was an infant, father's daily marijuana use in a concentrated form was undisputed, and it appears that father was arrested for a controlled substance during his incarceration.

Finally, father's argument that this court should modify the final judgment is not cognizable in this appeal, which is from the juvenile court's jurisdictional and dispositional orders. Although the appeal from the final judgment is pending, it is not presently before this court.

6

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.

BENKE, J.*

---

&ast; Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.